UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 22-cr-346 (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Anthony Benjamin Batton-Harris, | |
| Defendant. | |

This matter comes before the Court on Defendant Anthony Benjamin Batton-Harris's Motion for Competency Hearing, ECF No. 15, pursuant to 18 U.S.C. § 4241(a), and Motion for Continuance of Motion Filing Date and Motion Hearing, ECF No. 16. Defendant, through his counsel Jennifer Congdon, moves for a hearing to determine whether he is competent to stand trial, and requests that the filing of pretrial motions be "put on hold" pending resolution of the competency issue. ECF No. 16 at 1.

On February 2, 2023, the Court ordered defense counsel to provide additional information so that the Court could assess adequately whether reasonable cause exists under § 4241. *See generally* ECF No. 18. Defense counsel subsequently filed a sealed declaration along with three supporting exhibits. *See generally* ECF Nos. 19-22.

Section 4241 provides that, "[a]t any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." 18 U.S.C. § 4241(a). The motion shall be granted "if there is reasonable

1

cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* "Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court . . . ." *Id.* § 4241(b). Further, § 4247 provides that the Court "may commit the person to be examined for a reasonable period, but not to exceed thirty days" for purposes of undergoing an examination pursuant to § 4241. 18 U.S.C. § 4247(b).

Based on the submissions of defense counsel, the Court concludes that there is reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Accordingly, Defendant's motion is granted. *See id.* § 4241(b); Fed. R. Crim. P. 12.2(c) ("The court may order the defendant to submit to a competency evaluation under 18 U.S.C. § 4241.").

In light of the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Competency Hearing, ECF No. 15, is **GRANTED**.

2. Pursuant to 18 U.S.C. § 4247(b), Defendant is committed to the custody of the Attorney General for a period not to exceed 30 days for purposes of undergoing an examination pursuant to 18 U.S.C. § 4241.

3. Pursuant to 18 U.S.C. § 4241(b) and § 4247(b), the Attorney General shall conduct the psychiatric or psychological evaluation in a suitable facility closest to the Court.

4. The Court directs that the psychiatric evaluation assess Defendant's competency to stand trial and assist in his defense. The report of examination should include Defendant's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis and prognosis. *See* 18 U.S.C. § 4247(c). The Court further directs that the evaluation include the examiner's opinions as to whether Defendant is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4247(c).

5. Pursuant to 18 U.S.C. § 4247(b), the Attorney General is directed to conduct an examination and to return the report within 30 days or as soon as possible.

6. The appointed psychiatrist or psychologist must file his or her report with the Court under seal with copies to attorneys for both the Government and Defendant, and said report must contain the information outlined in 18 U.S.C. § 4247(c).

7. If needed, a hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d) shall be scheduled by the Court upon completion of the evaluation and report directed above.

8. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the time period between January 30, 2023, and the determination of Defendant's mental competency shall be excluded from Speedy Trial Act computations in this case.

9. Defendant's Motion for Continuance of Motion Filing Date and Motion Hearing, ECF No. 16, is **GRANTED**. The deadline for filing pretrial motions and other related deadlines, including the motions hearing, will be rescheduled following a determination on competency.

Date: February__14__, 2023           *s/ Tony N. Leung*
                                     Tony N. Leung
                                     United States Magistrate Judge
                                     District of Minnesota

                                     *United States v. Batton-Harris*
                                     Case No. 22-cr-346 (ADM/TNL)